# MANDATE

02-cv-733
Conn
Hall

05-5436
Chance v. Grant Pac

United States District Court
District of Connecticut
FILED AT BRIDGEPORT

May 3 2007

Kevin F. Rowe, Clerk

By C.W. Cod
     Deputy Clerk

No. 02-cv-733
D.Conn.
Hall, J.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand and seven.

Present:
   HON. WILFRED FEINBERG,
   HON. SONIA SOTOMAYOR,
   HON. ROBERT A. KATZMANN,
           Circuit Judges.


UNITED STATES COURT OF APPEALS FILED APR - 4 2007 Thomas Asreen, Acting Clerk SECOND CIRCUIT

---

Stanley Chance,

   *Plaintiff-Appellant,*

v.                                            No. 05-5436-cv

Grant Pac, Leo McNeall, Mail Boxes, Etc., Russell Childers,
Julie Childers,

   *Defendants-Appellees.*

---

— ISSUED AS MANDATE: MAY - 3 2007

For Appellant:                          Stanley Chance, *pro se*, Bridgeport, Connecticut.

For Appellee:                           No appearance.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and the case is REMANDED.

Plaintiff-appellant Stanley Chance appeals from the September 20, 2005 and October 4, 2005 orders of the United States District Court of the District of Connecticut (Hall, J.) denying his motion to reopen his case, which the court had dismissed for failure to prosecute, and his motion for reconsideration of that denial, respectively. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

This Court reviews a district court's order denying relief from a final judgment for an abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). To determine whether a district court abused its discretion by dismissing a complaint for failure to prosecute, we consider the following five factors: "'[1] the duration of the plaintiff's failures, [2] whether the plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district court judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). "[D]ismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted)).

In its January 10, 2005 judgment in favor of defendants and its September 20, 2005 order denying Chance's motion to reopen, the district court referred to three failures by Chance that warranted the dismissal of his case and the denial of his motion to reopen: (1) his failure to prosecute the case against the non-dismissed defendants by August 11, 2004, as directed in the court's order of August 2, 2004 (the "August 2004 order"); (2) his failure to file a motion for default judgment by December 22, 2004, as directed in the court's order of November 22, 2004 (the "November 2004 order"); and (3) his failure to file a change of address request, as directed by the court's order of July 20, 2005 (the "July 2005 order").

While we are cognizant of and sympathize with the district court's frustration with Chance's delays in prosecuting this case, we do not find that the above failures were sufficiently extreme to warrant the harsh remedy of dismissal. Most importantly, the district court made no finding in either its judgment or its order denying the motion to reopen of any prejudice. *See Drake*, 375 F.3d at 256 ("In cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks omitted)); *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) ("Although the district court is not required to

discuss each of the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court had the benefit of the district court's reasoning." (internal quotation marks omitted)). Because the defendants have not appeared in the action, either below or in this Court, it is unlikely that they have suffered actual prejudice from Chance's actions. Moreover, it is difficult to see how Chance's failure to file his change of address when he ordered to do so on July 20, 2005, caused any prejudice, given that, as that order recognized, his July 13, 2005 motion to reopen stated his correct address. In the absence of any explanation of prejudice by the district court, we do not find that the prejudice factor weighs in favor of dismissal.

Nor do the other factors support the district court's decision. While it does seem that Chance demonstrated a pattern of delay, the particular delays for which the court dismissed his case were not of significant duration. *See LeSane*, 239 F.3d at 210 ("[A]lthough plaintiff's prosecution of his case had been less than ideally efficient for over a year, his actual non-compliance with the district court's order -- the failing that caused the district court to dismiss his case -- was barely a month old."). The court's August 2004 order gave Chance until August 11, 2004, to take further action to prosecute the remaining defendants, and Chance filed a motion for default entry only two weeks after that deadline, on August 25, 2004. The November 2004 order directed Chance to file a motion for default judgment by December 22, 2004 and subsequently dismissed the action for failure to prosecute on January 10, 2005, less than three weeks after the expiration of the deadline. *See id.* (remarking that "[e]specially when a *pro se* plaintiff who likely lacks the professional and institutional support of a paid advocate is involved," tardiness of "barely a month" "does not much weigh in favor of the dismissal with prejudice").

With regard to the notice factor, the August 2004 order did give Chance notice that failure to respond by August 11 would result in dismissal of the case. However, Chance subsequently filed a motion for default entry, which the court considered and granted, and the November 2004 order did not reissue the caution that failure to comply could result in the dismissal of the action. *See Drake*, 375 F.3d at 255 (finding that plaintiff was not on notice that certain additional delays would result in dismissal). Nor did the July 2005 order explain that Chance's failure to file the change of address request would result in denial of his motion to reopen.[1]

---

[1] We do not intend to suggest that a district court is without authority to dismiss an action when a litigant fails repeatedly to observe court orders. Where a litigant has engaged in a pattern of ignoring court orders, even if each breach individually is not significant, a district court has the power to give the litigant notice that any future breach will result in dismissal of the action. Because repeated disregard of court orders damages the respect with which the judicial system is held and affects the integrity of the courts, prejudice in such circumstances could be presumed. We rule only that although Chance's conduct was perilously close to exhibiting such a pattern, it did not, without more explicit notice from the district court, warrant the "harsh remedy" of dismissal. *Drake*, 375 F.3d at 254.

Nothing in the court's orders indicate any attempt to balance the competing concerns of alleviating court calendar congestion and protecting Chance's right to due process and a fair opportunity to be heard. Moreover, given that the issue was a "silent and unobtrusive" failure to file, rather than vexatious or frivolous filings, Chance's actions do not appear to have added to calendar congestion. *See LeSane*, 239 F.3d at 210.

Finally, the record does not indicate that the district court assessed the efficacy of lesser sanctions in dismissing Chance's case. *See id.* (finding, among other factors suggesting dismissal was not appropriate, that "there is no indication that the district court considered imposing" lesser sanctions).

A consideration of the above factors, particularly the prejudice factor, suggest that dismissal of the case was not warranted. *See id.* at 209 ("[D]eference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." (internal quotation marks omitted)). Because the district court appears to have denied the motions to reopen and to reconsider without considering whether the dismissal was appropriate under such an analysis, those denials constituted an abuse of discretion.

For the foregoing reasons, we VACATE the district court orders denying reopening and reconsideration and REMAND for the district court to consider whether reopening is appropriate in light of the five-part balancing test discussed above.

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: *Lucille Carr*

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by _____
DEPUTY CLERK