UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE<br>Plaintiff,<br><br>v.<br><br>GRANT PAC, ET AL<br>Defendants. | CIVIL ACTION NO.<br>3-02-cv-00733(JCH)<br><br>JULY 10, 2007 |

## ORDER REOPENING CASE

On April 4, 2007, the Second Circuit Court of Appeals upheld the appeal of the plaintiff, Stanley Chance, and remanded the matter to this court to "consider whether reopening is appropriate . . . ." See Summary Order/Mandate (Doc. No. 47) (5/3/07). After consideration of the five-part balancing test outlined in the Circuit's Summary Order, id. at 2, the court reopens this case for the following reasons.

## BACKGROUND

Chance commenced this action on April 24, 2002, by moving to proceed in forma pauperis (Doc. No. 1). On May 6, 2002, the court dismissed his complaint pursuant to 28 U.S.C. § 1915(c)(2)(B), as frivolous. The court gave Chance until May 20, 2002 to file an amended complaint, which date was extended to June 20, 2002, on motion. See Order (Doc. No. 5); Motion (Doc. No. 6); Endorsement Order (5/15/02). Chance then filed an Amended Complaint (Doc. No. 7).

On March 14, 2003, the Clerk's Office issued a Notice to Chance, advising Chance that his case would be dismissed for failure to prosecute it, unless satisfactory explanation of why it should not be dismissed was provided within twenty days. In response, Chance filed a Motion for Default (Doc. No. 13), which the court addressed

and denied at a hearing on June 12, 2003.

Service had not been made on all defendants by June 2004, more than two years after the case was filed. The court issued an Order to Show Cause (Doc. No. 29) to Chance why the case should not be dismissed for failure to prosecute and to serve. Chance was told that "failure to respond or to show good cause will result in the dismissal of this action." See Order (Doc. No. 29). Chance did not respond. On August 2, 2004, the court ordered the dismissal of defendants Maxine McNeall,[1] McNugg Corp., Grace Huss and Ralph Huss.

On August 25, 2004, Chance moved for the entry of a default against defendant Grant-Pac, Inc., Russell Childers, Julie Childers and Mail-boxes, Etc. (Doc. No. 32), which the court granted. The court ordered Chance to file a Motion for Default Judgment by December 22, 2004, which he did not do. In accordance with District procedure, the Clerk entered judgment for the defendants on January 10, 2004, for Chance's failure to file the Motion for Default Judgment.

Six months later, Chance moved to reopen the case, stating that he had not received any mailing from the court in a year. He had moved, and the Postal Service "never processed the address change . . . ." Motion (Doc. No. 34). Without acting on the Motion to Reopen, the court ordered Chance to file a change of address form with the Clerk, which he was required to do within 30 days pursuant to the District's Local Rules. See D. Conn. L. Cv. R. 83.1(c)2 & 3. Chance claims he filed a change of address with the Clerk's Office. However, the court was not aware of it because it is the

---

[1] Dismissal of defendant McNeall was in error: there was evidence on the docket of service on her on August 13, 2003. See Doc. No. 27.

Clerk's Office practice not to docket such changes of addresses. On September 20, 2005, the court denied the Motion to Reopen. Chance timely moved to reconsider, which this court denied. Chance then appealed.

**DISCUSSION**

A District Court has the authority to dismiss a case for lack of prosecution. See United States ex rel. Drake v. Norden Sys., 375 F.3d. 248 (2d Cir. 2004). The factors to be considered in doing so are: ""[1] the duration of the plaintiff's failures, [2] whether the plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district court judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2nd Cir.1988).

The court will examine each one of these factors in relation to this case.

First, Chance's failures to be responsive to the court's Orders were of varying duration. Chance did not respond to the first Order, the Order to Show Cause of June 9, 2004, until 23 days after the deadline set. He did not respond to the Order of November 2, 2004, and moved to reopen nearly 8 months after the deadline set.

The first period is not a substantial duration, but the latter is. Of course, Chance's explanation is that he did not receive the Orders from the court.

With regard to the second factor, only the first order, which was indirectly

complied with 23 days late, gave Chance notice the failure to comply might result in dismissal. With regard to the third factor, it is difficult to conclude the defendants will or will not be prejudiced, because none are before the court. As to the served defendants, they have chosen to ignore the action. The court is inclined to conclude that, if the delay prejudiced them, they have contributed to that prejudice.

With regard to the fourth factor, the court was concerned about a case that took over a year to get service on some defendants, and then did not seem to be moving to conclusion. As to lesser sanctions, the court is hard pressed to think of any that might be imposed in this case. There is nothing evidentiary related to Chances' conduct, so a preclusion order would seem ill-matched to Chances' failure to prosecute. The court is familiar with Chance[2] and does not believe that Chance could pay any amount of monetary sanction.

## CONCLUSION

Considering all the factors together, the court concludes that the case should be reopened. Chance's initial failure to be responsive to court orders was of short duration. His later failure was of longer duration, but he explains it by lack of receipt. In the case of the later failure, the notice did not warn him of the consequences of not responding. There is no clear prejudice to the served defendants. Further, the court was in error in concluding Chance had not complied with the Order to file a change of address.

Accordingly, the court orders the Clerk to reopen this case. Further, the court

---

[2]The undersigned has been assigned 19 of Chance's lawsuits.

-4-

reverses its dismissal as to Maxine MacNeall. Chance is ordered to file a Motion for Default as to Maxine MacNeall by July 30, 2007.

After remand, Chance had filed a Motion for Default Judgment (Doc. No. 48). The court will hold a hearing on that motion and on damages on July 26, 2007, at 10:00 a.m., in Courtroom 2, 915 Lafayette Blvd., Bridgeport, Connecticut.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of July, 2007.

/s/ Janet C. Hall
United States District Judge