UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

STANLEY CHANCE             : 3:02CV0733 (JCH)       2007 SEP 28  P 1: 20

VS.                        :                        U.S. DISTRICT COURT
                                                    BRIDGEPORT, CONN
GRANT PAC, ET AL           : September 28, 2007

## PLANITIFFS' MOTION FOR RECONSIDERATION

The plaintiff, Stanley Chance, in the above captioned case respectfully moves this Court to reconsider its ruling of September 25, 2007 and award him the full amount sought in the complaint.

In view of the fact that the defendants did appear in another district (Exhibit A), there was no reason way they should not have appeared here and the Federal Rules of Procedure does not allow for the mitigating of damages for a defendant who willfully and wantonly, on advice from counsel, does not show up.

                                        RESPECTFULLY SUBMITTED
                                        THE PLAINTIFF


                                        Stanley Chance, PRO SE:
                                        408 Charles Street-Apt. #12
                                        Bridgeport, CT. 06606
                                        (203) 612-0639

## CERTIFICATION

I herby certify that a copy of the foregoing was mailed on September 28, 2007 to:

Jason L. Call, Esq.
Carson & Coil, P.C.
515 E. High Street
P.O.Box 28
Jefferson City, MO 65102

_____
Stanley Chance, PRO SE:

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>GRANT SEARCH, INC., et al.<br><br>Defendants. | Civil No. 02-4174-CV-C-NKL<br><br>**STIPULATED JUDGMENT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), has filed a complaint for permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), charging defendants Grant Search, Inc., Steven G. Levine, Scott Stettnichs, Grant Pac, Inc., and Sunday R. Levine (hereinafter referred to collectively as "defendants") with deceptive acts and practices in connection with the telemarketing of grant matching services to consumers. The Commission's complaint alleges that defendants' deceptive acts and practices violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR" or "Rule"), 16 C.F.R. Part 310.

The Commission and defendants, having been represented by counsel and acting by and through such counsel, have consented to the entry of this Stipulated Judgment for Permanent Injunction and Other Equitable Relief ("Stipulated Judgment") without a trial or adjudication of any issue of law or fact herein.

STIPULATED PERMANENT INJUNCTION - 1

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

NOW, THEREFORE, the Commission and defendants having requested the Court to enter this Stipulated Judgment, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1.  This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Pursuant to this section, the Commission has the authority to seek the relief contained herein.

2.  The Commission's complaint states a claim upon which relief may be granted against defendants under Sections 5(a), 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.*

3.  This Court has jurisdiction over the subject matter of this case and all parties hereto. Venue in the Western District of Missouri is proper.

4.  The alleged activities of defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.  The parties shall each bear their own costs and attorney's fees incurred in this action and have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, and all rights to seek judicial review, or otherwise to challenge the validity of this Stipulated Judgment.

6.  This Stipulated Judgment does not constitute, and shall not be interpreted to constitute, either an admission by defendants or a finding by the Court that defendants have engaged in any violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule, 16 C.F.R. Part 310, or any other law or regulation.

7.  Entry of this Stipulated Judgment is in the public interest.

# ORDER AND JUDGMENT

## I. BAN

**IT IS THEREFORE ORDERED** that defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service or otherwise, are permanently restrained and enjoined from engaging or participating in the marketing, offering for sale, or sale of any product or service that is represented to provide or assist a consumer in obtaining a grant.

## II. PROHIBITED PRACTICES

**IT IS FURTHER ORDERED** that defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service or otherwise, in connection with the sale of any product or service, are hereby permanently restrained and enjoined from:

A.  Misrepresenting expressly or by implication any fact material to a consumer's decision to purchase a good or service;

B.  Failing to disclose all material conditions and terms of any refund policy, or that refunds are not provided if that is the case;

C.  In connection with telemarketing, as defined in the TSR, violating or assisting others to violate any provision of the Rule, including, but not limited to:

   1.  Misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer, in violation of Section 310.3(a)(2)(iii) of the Rule, 16 C.F.R. § 310.3(a)(2)(iii);

   2.  Making a false or misleading statement to induce any person to pay for any good or service in violation of Section 310.3(a)(4) of the Rule, 16 C.F.R. § 310.3(a)(4); and

3. If defendants make representations about a refund, cancellation, exchange, or repurchase policy, failing to disclose a statement of all material terms and conditions of such policy, in violation of Section 310.3(a)(1)(iii) of the Rule, 16 C.F.R. § 310.3(a)(1)(iii).

## III. DISCLOSURE OF CONSUMER LISTS

IT IS FURTHER ORDERED that defendants, and their officers, agents, servants, and employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any defendant, at any time prior to entry of this Stipulated Judgment, in connection with promoting, offering for sale, selling, or participating in the sale of, directly or indirectly, grant-matching or grant-finding services. Provided, however, that defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## IV. CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A. Judgment is entered against defendants jointly and severally in the amount of $2,656,694.00. Judgment shall be suspended upon payment to the Commission in the amount of $296,000 (hereafter the "redress amount") within thirty days of entry of this Stipulated Judgment.

B. All funds paid to the Commission pursuant to this Paragraph shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief,

including but not limited to consumer redress and any attendant expenses for the administration of any redress fund. If the Commission determines in its sole discretion that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including consumer information remedies, as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph.

C. If defendants fail to pay the Commission the redress amount as set forth above, the Commission shall provide notification of such failure by overnight courier to defendants' attorney Jason L. Call, Esq., Carson & Coil, P.C., Jefferson City, Missouri, and if thereafter full payment of the redress amount is not received by the Commission within 30 days of the notification, the full judgment amount of $2,656,694.00, less the sum of any amount already paid to the Commission, shall immediately become due and payable by defendants to the Commission, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

## V. RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that, by agreeing to this Stipulated Judgment, defendants reaffirm and attest to the truthfulness, accuracy, and completeness of the Financial Disclosure Forms executed on August 24, 26, and 29, 2002. Plaintiff's agreement to this Stipulated Judgment is expressly premised upon the truthfulness, accuracy, and completeness of defendants' financial condition as represented in the Financial Disclosure Forms referenced above, which contain material information upon which plaintiff relied in negotiating and agreeing to the terms of this Stipulated Judgment. If, upon motion by the Commission, this Court

finds that one or more defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Disclosure Forms, the Court shall enter judgment against the offending defendants, in favor of the Commission, in the amount of $2,656,694.00, less any amount already paid to the Commission; *provided, however*, that in all other respects this Stipulated Judgment shall remain in full force and effect unless otherwise ordered by the Court; and provided further, that proceedings instituted under this Paragraph are in addition to and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings the Commission may initiate to enforce this Stipulated Judgment. Solely for purposes of this Paragraph, the defendant waives any right to contest any of the allegations in the Commission's complaint.

## VI. DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that upon entry of this Stipulated Judgment, the freeze against all of defendants' assets ordered by the Court on August 15, 2002, and extended thereafter, shall be lifted.

## VII. RETURN OF MAIL

**IT IS FURTHER ORDERED** that, for at least 90 days after entry of this Stipulated Judgment, defendants will return, or arrange to have returned, to the senders all consumer mail received by Grant Search, Inc., or Grant Pac, Inc., on or after August 15, 2002, including all such mail delivered to a U.S. Post Office or private mail box address.

## VIII. ACKNOWLEDGMENT OF RECEIPT OF JUDGMENT BY DEFENDANTS

**IT IS FURTHER ORDERED** that, within five (5) business days after receipt by defendants of this Stipulated Judgment as entered by the Court, defendants shall submit to the Commission a truthful sworn statement, in the form shown on Attachment A, that shall acknowledge receipt of this Stipulated Judgment.

## IX. MONITORING COMPLIANCE OF SALES PERSONNEL

**IT IS FURTHER ORDERED** that defendants, in connection with any business where (1) a defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business is engaged in telemarketing or in assisting others engaged in said business, are hereby permanently restrained and enjoined from:

A.  Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Paragraphs I and II of this Stipulated Judgment. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following: (1) listening to the oral representations made by persons engaged in sales or other customer service functions; (2) establishing a procedure for receiving and responding to consumer complaints; and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved; *provided* that this Paragraph does not authorize or require the defendants to take any steps that violate any federal, state, or local laws;

B.  Failing promptly to investigate fully any consumer complaint received by any business to which this Paragraph applies; and

C.  Failing to take corrective action with respect to any sales person whom defendants determine is not complying with this Stipulated Judgment, which may include training, disciplining, and/or terminating such sales person.

## X. DISTRIBUTION OF JUDGMENT BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Stipulated Judgment, defendants shall:

A.  Provide a copy of this Stipulated Judgment to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent

contractors or otherwise, immediately upon employing or retaining any such persons, for any business where

    1. a defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where

    2. the business is engaged in telemarketing or assisting others engaged in telemarketing;

B. Maintain for a period of three (3) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Judgment, as required in Subsection A. of this Paragraph.

## XI. COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Stipulated Judgment may be monitored:

A. For a period of five (5) years from the date of entry of this Stipulated Judgment, defendants shall notify the Commission of the following:

    1. Any changes in any individual defendant's residence, mailing address and telephone number, within thirty (30) days of the date of such change;

    2. Any changes in any individual defendant's employment status (including self-employment) within thirty (30) days of such change. Such notice shall include the name and address of each business that such defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of such defendant's duties and responsibilities in connection with the business or employment; and

3. Any proposed change in the structure of any business entity owned or controlled by any defendant, such as creation, incorporation, dissolution, assignment, sale, merger, creation, dissolution of subsidiaries, or any other change that may affect compliance obligations arising out of this Stipulated Judgment, thirty (30) days prior to the effective date of any proposed change;

B. One hundred eighty (180) days after the date of entry of this Stipulated Judgment, defendants shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which the defendants have complied and are complying with this Stipulated Judgment. This report shall include, but not be limited to:

1. The individual defendants' then current residence addresses and telephone numbers;

2. The individual defendants' then current employment, business addresses and telephone numbers, a description of the business activities of each such employer, and defendant's title and responsibilities for each employer;

3. A copy of each acknowledgment of receipt of this Stipulated Judgment obtained by defendant pursuant to Paragraphs X.A. and B.; and

4. A statement describing the manner in which defendants have complied and are complying with (a) the injunctive provisions of this Stipulated Judgment, and (b) the monetary relief provisions of this Stipulated Judgment;

C. Upon written request by a representative of the Commission, which shall not exceed two requests per calendar year, defendants shall submit additional written reports (under oath, if requested) and produce documents on thirty (30) days' notice with respect to any conduct subject to this Stipulated Judgment;

D. For the purposes of this Stipulated Judgment, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Regional Director
> Federal Trade Commission
> 915 Second Avenue, Room 2896
> Seattle, WA 98174
> Re: *FTC v. Grant Search, Inc., et al.*

E. For the purposes of this Paragraph, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom any defendant performs services as an employee, consultant or independent contractor.

F. For purposes of the compliance reporting required by this Paragraph, the Commission is authorized to communicate directly with defendants.

## XII. RECORD KEEPING

**IT IS FURTHER ORDERED** that:

A. For a period of eight (8) years from the date of entry of this Stipulated Judgment, defendants, and defendants' agents, employees, officers, servants, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Stipulated Judgment by personal service or otherwise, in connection with any business where: (1) any defendant is the majority owner of the business, or directly or indirectly manages or controls the business, and (2) the business is engaged in telemarketing, or in assisting others engaged in telemarketing, are hereby permanently restrained and enjoined from failing to create and retain, unless otherwise specified:

   1. Accounting records that reflect the cost of goods or services sold, revenues generated and the disbursement of such revenues;

   2. Personnel records accurately reflecting: the name, address, and

telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

3. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

4. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests; and

5. Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## XIII. ACCESS TO BUSINESS PREMISES

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Stipulated Judgment, for the purpose of further determining compliance with this Stipulated Judgment, defendants shall permit representatives of the Commission, within three (3) business days of receipt of written notice from the Commission:

A. Access during normal business hours to any office or facility storing documents, of any business where (1) a defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business is engaged in telemarketing or in assisting others engaged in telemarketing. In providing such access, defendants shall permit representatives of the Commission to inspect and copy all documents, at the Commission's expense, relevant to any matter contained in this Stipulated Judgment; and shall permit Commission representatives to remove documents relevant to any matter contained in this Stipulated Judgment for a period not to exceed five (5) business days so that the documents may be so inspected, inventoried, and copied; and

B.  To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Subsection A. of this Paragraph applies, concerning matters relating to compliance with the terms of this Stipulated Judgment. The person interviewed may have counsel present.

*Provided* that, upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to defendants' business premises for the purposes of inspecting and copying all documents relevant to any matter contained in this Stipulated Judgment.

## XIV. COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor defendants' compliance with this Stipulated Judgment by all lawful means including, but not limited to, the following means:

A.  The Commission is authorized, without further leave of court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 - 37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating defendants' compliance with any provision of this Stipulated Judgment;

B.  The Commission is authorized to use representatives posing as consumers or suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by a defendant, without the necessity of identification or prior notice; and

//

//

//

1  C.  Nothing in this Stipulated Judgment shall limit the Commission's lawful use of
2  compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to
3  investigate whether defendants have violated any provision of this Stipulated Judgment or Section 5
4  of the FTC Act, 15 U.S.C. § 45.

## XV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction of this matter for the purpose of enabling any of the parties to this Stipulated Judgment to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Stipulated Judgment, for the enforcement of compliance therewith or the punishment of violations thereof.

**SO ORDERED**, this 7th day of July, 2003.

s/ NANETTE K. LAUGHREY
Honorable Nanette K. Laughrey
United States District Judge

The parties, by their respective counsel, hereby consent to the terms and conditions of the Stipulated Judgment as set forth above and consent to entry thereof. Defendants waive any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

DATED: 3/24, 2003    /s/
STEVEN G. LEVINE, individually and as president of Grant Search, Inc.

DATED: 3/26, 2003    /s/
SCOTT STETTNICHS, individually and as vice-president of Grant Search, Inc.

DATED: 3/26, 2003    /s/
SUNDAY R. LEVINE, individually and as president of Grant Pac, Inc.

STIPULATED PERMANENT INJUNCTION - 13

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: ___4/24___, 2003 | _____/s/_____<br>JASON L. CALL |
| 3 | | Carson & Coil, P.C.<br>515 E. High St. |
| 4 | | P.O. Box 28<br>Jefferson City, MO 65102 |
| 5 | | Tel.: (573) 636-2177<br>Attorney for Defendants |
| 6 | DATED: ___6/27___, 2003 | _____/s/_____ |
| 7 | | MARY T. BENFIELD<br>NADINE SAMTER |
| 8 | | Attorneys for Federal Trade Commission |
| 9 | | Charles M. Thomas, MO # 28522<br>Assistant United States Attorney |
| 10 | | Charles Evans Whittaker Courthouse<br>400 East 9th Street, Fifth Floor |
| 11 | | Kansas City, Missouri 64106<br>Telephone: (816) 426-3122 |

STIPULATED PERMANENT INJUNCTION - 14

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350