UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-02-cv-00733 (JCH) |
| : | |
| GRANT PAC, ET AL : | October 11, 2007 |
|    Defendants : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 56)**

Plaintiff Stanley Chance, brought this action against Defendants Grant Pac, McNugg Corporation, Grace Huss, Ralph Huss, Leo McNeall, Mail Boxes, Etc., Russell Childers, Julie Childers, and Maxine McNeall alleging violation of various federal laws arising from the fraudulent sale of grant matching services. See Complaint (Doc. No. 3). This court awarded Chance a total of $740 in damages in a Default Judgment against Grant Pac. See Default Judgment (Doc. No. 55).

The court held a hearing to determine the appropriate amount of damages pursuant to Federal Rule of Civil Procedure 55. See Fed.R.Civ.P 55 ("If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary . . . ."); Hearing, September 25, 2007 (Doc. No. 54). At the hearing, Chance voluntarily withdrew his claims against the other defendants. Id.

Chance now moves this court to reconsider the amount of the Default Judgment, arguing that, "[i]n view of the fact that the defendants did appear in another district . . . there was no reason way [sic] they should not have appeared here and the Federal Rules of Procedure does not allow for the mitigating of damages for a defendant who

willfully and wantonly, on advice from counsel, does not show up." Pl.'s Motion for Reconsideration (Doc. No. 56).

The Second Circuit has held that, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Chance has failed to show that the court overlooked controlling law or material facts that would have led to manifest injustice. He does not allege that the controlling law has changed or that there is new evidence that would impact the outcome. Therefore, Chance has failed to meet the strict standard for reconsideration, and his motion is thereby DENIED.

2

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 11th day of October, 2007.

                                  /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge